**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**

**v.** **Case No. 8:03-CR-77-T-30TBM**

**HATEM NAJI FARIZ**
_________________________________/

## MOTION TO PRESERVE TESTIMONY BY WAY OF FOREIGN DEPOSITION AND FOR PAYMENT OF EXPENSES REDACTED VERSION

Defendant, Hatem Naji Fariz, by and through undersigned counsel, and pursuant to Federal Rule of Criminal Procedure 15, respectfully requests that the Court order the taking of foreign depositions. As grounds in support, Mr. Fariz states:

Trial in this case is currently set for April 4, 2005. As part of his investigation in this case, the undersigned has located and contacted several individuals whose testimony is material and necessary to Mr. Fariz. These individuals are Naim Nasser Bulbol, Salaheddine Abu Hassanein, Wail Ashor, Ali Samoudi, Suha Affuni, Ali Jarbawi, Khalil Shikaki, and Abd Al-Fattah Zahalqa. Each of these witnesses reside in the Occupied Territories of the West Bank and Gaza Strip or Israel and are not subject to subpoena.[1] The above named individuals are willing to testify on behalf of Mr. Fariz, but are not available or willing to testify in person in the United States. Even were they willing to come to the United States,

---

[1] *See United States v. Samaniego*, 345 F.3d 1280, 1283 (11th Cir. 2003), quoting *United States v. Drogoul*, 1 F.3d 1546, 1553 (11th Cir. 1993) ("'foreign nationals located outside the United States . . .are beyond the subpoena power of the district court'").

they are prevented by the Israeli authorities from applying for a visa at a United States consulate within Israel or East Jerusalem, due to the severe restrictions on movement in place for residents of the Occupied Territories. Further, the sole crossing point in the Gaza Strip open to Palestinians, which is located in Rafah, is frequently closed by the Israeli military, which arbitrarily shuts down the border crossing for lengthy periods of time at will.

THIS SECTION REDACTED PURSUANT TO DOC. 870.

**Memorandum of Law**

In a criminal case, the Court may order the taking of a foreign deposition, "[w]henever due to exceptional circumstances of the case it is in the interest of justice," to do so. Fed. R. Crim. P. 15(a)(1). The proponent of the deposition bears the burden of establishing "exceptional circumstances." *Drogoul*, 1 F.3d at 1552. In *Drogoul*, the Eleventh Circuit fashioned a three-part test to determine whether "exceptional circumstances" exist. First, the witness must be unavailable to testify at trial. Second, the absence of testimony material to the movant's case would result in injustice. Third, whether there are countervailing factors render taking the deposition unjust to the nonmoving party. *Id.*; *see also United States v. Ramos*, 45 F.3d 1519 (11th Cir. 1995) (following the reasoning of *Drogoul*). "When a prospective witness is unlikely to appear at trial and his testimony is critical to the case, simple fairness requires permitting the moving party to preserve that testimony. . . ." *Drogoul*, 1 F.3d at 1552.

Unavailability need not be established conclusively, but need only be probable. *Id.* at 1553. In the instant case, all the prospective witnesses have stated that they are unwilling and unable to appear at trial. Moreover, they are foreign nationals residing outside the United States in militarily occupied territory and, as such, have extremely limited ability to travel abroad. It is clearly probable that they will be unavailable for trial.

The prospective witnesses' testimony also qualifies as material evidence, the absence of which would cause an injustice at trial. As stated above, the proposed testimony of all the

prospective witnesses will directly rebut the government's contentions that Mr. Fariz was active on behalf of or provided material support to PIJ. An injustice will result if the jury cannot hear the proposed testimony.

Finally, there are no countervailing factors that would make taking this deposition unjust to the government. The Eleventh Circuit has found "neither the possibility of inaccurate translations," nor a party's inability to confront witnesses called only by deposition to be an unjust countervailing factor to the taking of foreign depositions. *Ramos*, 45 F.3d at 1523-24 (citing *Drogoul*, 1 F.3d at 1554-56). Nor is delay an issue here. Mr. Fariz is moving adequately in advance of the April 4, 2005 trial date to request the taking of the foreign depositions; as soon as the undersigned was able to locate and contact the prospective witnesses, this request was made. While the prospective witnesses are located in areas currently under military occupation and the site of considerable unrest, the United States has governmental officials who could attend such foreign depositions. *Id.* If deposing such witnesses in person proves too logistically difficult, the Eleventh Circuit has upheld the validity of preserving testimony via other measures, such as written interrogatories. *Id.* at 1524.[2]

With regard to the payment of costs, Fed.R.Crim.P. 15(d) provides:

---

[2]Since Mr. Fariz is mindful of the extremely volatile political conditions in the Middle East, he is also open to the possibility of conducting the proposed depositions from Tampa via alternative methods, such as, for example, a satellite link, depending on the viability and availability of such methods.

> If the deposition was requested by the government, the court may - or if the defendant is unable to bear the deposition expenses, the court must - order the government to pay:
>
> (1) any reasonable travel and subsistence expenses of the defendant and defendant's attorney to attend the deposition; and
>
> (2) the costs of the deposition transcript.

Fed. R. Crim. P. 15(d).

Where, as here, the defendant has been found to be indigent, an order requiring the government to pay the costs and expenses related to the depositions is mandatory. *See* Rule 15, Advisory Committee Notes, 2002 Amendments (setting forth that the Rule, as amended, mandates that "[i]f the defendant is unable to pay the deposition expenses, the court *must* order the government to pay reasonable subsistence and travel expenses and the deposition transcript costs - regardless of who requested the deposition") (emphasis in original).

WHEREFORE, Defendant Hatem Naji Fariz respectfully requests that the Court order the taking of the foreign depositions of Naim Nasser Bulbol, Salaheddine Abu Hassanein, Wail Ashor, Ali Samoudi, Suha Affuni, Ali Jarbawi, Khalil Shikaki, and Abd Al-Fattah Zahalqa as soon as practicable, and that the government be required to bear all related costs and expenses.

Respectfully submitted,

R. FLETCHER PEACOCK
FEDERAL PUBLIC DEFENDER

/s/ Wadie E. Said
Wadie E. Said
Assistant Federal Public Defender
400 North Tampa Street, Suite 2700
Tampa, Florida 33602
Telephone: 813-228-2715
Facsimile: 813-228-2562
Attorney for Defendant Fariz

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 3rd day of February, 2005, a true and correct copy of the foregoing has been furnished by CM/ECF, to Walter Furr, Assistant United States Attorney; Terry Zitek, Assistant United States Attorney; Cherie L. Krigsman, Trial Attorney, U.S. Department of Justice; William Moffitt and Linda Moreno, counsel for Sami Amin Al-Arian; Bruce Howie, counsel for Ghassan Ballut; and to Stephen N. Bernstein, counsel for Sameeh Hammoudeh.

/s/ Wadie E. Said
Wadie E. Said
Assistant Federal Public Defender