**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**

**v.** **Case No. 8:03-cr-77-T-30TBM**

**SAMI AMIN AL-ARIAN, *et al.***

# ORDER

This cause came before this Court upon a hearing on February 9, 2005, at which time this Court addressed Defendants Fariz and Hammoudeh's Motions to Preserve Testimony by Way of Foreign Deposition (Dkt. ##884, 885), and upon the Government's response thereto (Dkt. #892). Prior to the hearing, this Court granted Defendant Fariz's Motion for Leave to File a Redacted Memorandum in Support of the Motion to Preserve Testimony (Dkt. #869) in its Order of February 3, 2005 (Dkt. #870). This Order permitted Defendant Fariz to file summaries of the anticipated deposition testimony in camera and *ex parte*, in support of his motion to preserve testimony.

After reviewing the deposition summaries filed by Defendant Fariz, and considering the respective arguments by the parties with respect to the *ex parte* submission of the deposition summaries at the hearing, this Court found that the Government was entitled to review the summaries to formulate its argument in opposition to Defendant Fariz's motion to preserve testimony. Thereafter, Defendant Fariz agreed to file an unredacted version of his Motion with the Clerk, and the Government reviewed the summaries and prepared its arguments in opposition to Defendant Fariz's motion to preserve testimony.

Following these procedures, this Court held oral argument on Defendants Fariz and Hammoudeh's respective motions to preserve testimony. This Court found that the Defendants had

satisfied their burden under Fed. R. Crim. P. 15 to prove that they were entitled to take the depositions of certain individuals enumerated in the Defendants' motions. This Court granted, however, the Government's request to submit a written response in opposition to the Defendants' motions. The Government filed its written response on February 10, 2005.

Having now considered the parties' arguments at the hearing on February 9, 2005, and in their respective briefs, this Court finds that Defendants Fariz and Hammoudeh's motions to preserve testimony should be GRANTED. This Court advises the parties, however, that its decision to allow the taking of these foreign depositions does not relate to the separate issue of the admissibility of any testimony recorded during these depositions.

It is therefore ORDERED and ADJUDGED that:

1) Defendants Fariz and Hammoudeh's Motions to Preserve Testimony by Way of Foreign Deposition (Dkt. ##884, 885) are **GRANTED in part and DENIED in part**, as stated on the record at the hearing on February 9, 2005.

2) This Court's prior Order of February 3, 2005 (Dkt. #870) permitting Defendant Fariz to file the deposition summaries in camera and *ex parte* is **VACATED**.

3) The Government's Motion for Reconsideration (Dkt. #882) of this Court's prior Order is **DENIED as moot**.

**DONE** and **ORDERED** in Tampa, Florida on February 14, 2005.

James S. Moody, Jr.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2003\03-cr-77 Al-Arian\Motn Preserve Testimony.wpd