UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                CASE NO.:  8:03-CR-77-T-30-TBM

SAMI AMIN AL-ARIAN, et al.

**RESPONSE OF THE UNITED STATES TO
MOTION OF TIMES PUBLISHING COMPANY
FOR ACCESS TO SEALED RECORDS**

The United States of America by Paul I. Perez, United States Attorney, Middle District of Florida, hereby responds to the motion filed by Times Publishing for access to sealed records.  Doc. 1584.  The United States opposes the motion and requests that this Court deny the motion for the reasons discussed below.

**I. Introduction and Summary of Argument**

Times Publishing asks that ten sealed documents be reviewed and possibly unsealed because the "docket does not appear to reflect reasons or findings to support the sealing" of those documents.  Doc. 1584 at 1.  Times Publishing also requests that the Court "consider whether sealing meets the requirements of the First Amendment" in light of the guilty plea and subsequent sentencing of defendant Sami Al-Arian.  Id.  The United States has determined that only two documents identified by Times Publishing, "Sealed Document S-16" and "Sealed Document S-17", were filed by the United States.  Accordingly, this response only addresses the possible unsealing of those two documents.

## II. **Argument**

"The press and public enjoy a qualified First Amendment right of access to criminal trial proceedings." United States v. Ochoa-Vasquez, 428 F.3d 1015, 1028 (11th Cir. 2005) citing Globe Newspaper Co. v. Superior Court for the County of Norfolk, 457 U.S. 596, 603 (1982); Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1310 (11th Cir. 2001). In Press-Enterprise Co. v. Superior Court of Cal., 478 U.S. 1, 8-9 (1986) ("Press Enterprise II"), the Supreme Court set forth a two-step analysis of the right to access. First, the Court must determine if a qualified right of access attaches to the particular process at issue, which itself involved two considerations: (1) whether the place and process have historically been open to the press and public and (2) whether public access plays a significant positive role in the functioning of the process in question. United States v. Bilbery, 896 F.Supp. 1207 (M.D. Fla. 1995) citing United States v. Valenti, 987 F.2d 708 (11th Cir. 1993). "When sealing proceedings or documents, a court must articulate the overriding interest 'along with findings specific enough that a reviewing court can determine whether the closure order was properly entered.'" Ochoa-Vasquez, 428 F.3d at 1030, quoting Press-Enterprise Co. v. Superior Court of Cal., 464 U.S. 501, 510 (1984) ("Press Enterprise I").

Against the public's monitoring interest the Court must balance both the rights of those in the proceeding and the rights of third parties. In particular, the Second Circuit has held that "the privacy interests of innocent third parties should weigh heavily" in the equation, United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995) (citation and alterations omitted). This makes sense both because such parties are not to benefit

2

from the proceedings and are implicated only in the name of the greater public good and because they cannot defend their own interests before the Court; thus, the Court should err on the side of caution in protecting such parties' privacy interests.

The documents which Times Publishing seeks to unseal should remain sealed due to the privacy interests of innocent third parties. One of these documents is a small part of a very large amount of material which, although declassified, has never been made public and was subject to a protective order during the discovery period in this matter. Neither of these documents were ever a trial exhibit nor any part of the presentation of evidence by any party. The parties identified in the document as well as the content of the document should remain sealed to protect the interests of third parties.

## Conclusion

For the foregoing reasons, the motion of Times Publishing Company for access to sealed records should be denied as to Sealed Documents S-16 and S-17.

    Respectfully submitted,

    PAUL I. PEREZ
    United States Attorney

By:    */s Terry A. Zitek*
    Terry A. Zitek
    Executive Assistant U. S. Attorney
    Florida Bar No. 0336531
    400 North Tampa Street, Suite 3200
    Tampa, Florida  33602
    Telephone:   (813) 274-6336
    Facsimile:    (813) 274-6108
    E-mail:         terry.zitek@usdoj.gov

**U.S. v. Sami Amin Al-Arian, et al.**            Case No. 8:03-CR-77-T-30-TBM

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2006, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

**Kevin T. Beck**
Kevin_Beck@FD.Org Linda_Rodriguez@FD.Org;Yolie_Shiver@FD.Org

**Stephen N. Bernstein**
stephenbernstein@atlantic.net snblaw@atlantic.net

**Susan Tillotson Bunch**
susan.bunch@hklaw.com

**Alexis L Collins**
Alexis.Collins@usdoj.gov Alexis.Collins3@usdoj.gov

**Stephen M Crawford**
stephen_crawford@msn.com

**Daniel W. Eckhart**
dan.eckhart@usdoj.gov
orldocket.mailbox@usdoj.gov;beverly.williams@usdoj.gov

**Brooke Victoria Elvington**
brookev25@aol.com

**Walter E. Furr, III**
walter.furr@usdoj.gov
Shirley.Newton@usdoj.gov;TPADOCKET.Mailbox@usdoj.gov

**Mara Allison Guagliardo**
allison_guagliardo@fd.org linda_rodriguez@fd.org;rachel_may@fd.org

**Bruce G. Howie**
howie@brucehowie.com

**Steven Douglas Knox**
douglas.knox@dlapiper.com deborah.boyle@dlapiper.com

**Cherie L. Krigsman**
cherie.krigsman@usdoj.gov

**James B. Lake**
jlake@tlolawfirm.com tgilley@tlolawfirm.com

**Wadie E. Said**
wadie_said@fd.org linda_rodriguez@fd.org;andrea_stubbs@fd.org

**David M. Snyder**
dmsnyder@dms-law.com

**Alison M. Steele**
amnestee@aol.com

**Gregg Darrow Thomas**
GThomas@tlolawfirm.com pcoone@tlolawfirm.com

**Terry Zitek**
terry.zitek@usdoj.gov
Shirley.Newton@usdoj.gov;TPADOCKET.Mailbox@usdoj.gov

I hereby certify that on May 30, 2006, a true and correct copy of the foregoing document and the notice of electronic filing was sent by United States Mail to the following non-CM/ECF participants:

**Steven K. Barentzen**
**Nancy Luque**
DLA Piper Rudnick Gray Cary US LLP
1625 Massachusetts Ave NW  Suite 300
Washington, DC 20036-2247

**C. Peter Erlinder**
c/o William Mitchell College of Law
875 Summit Ave.
St. Paul, MN 55105

/s Terry A. Zitek
Terry A. Zitek
Executive Assistant U. S. Attorney
Florida Bar No. 0336531
400 North Tampa Street, Suite 3200
Tampa, Florida  33602
Telephone:	(813) 274-6000
Facsimile:	(813) 274-6108
E-mail:		terry.zitek@usdoj.gov